UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOYCE SHARON CREAM,

       Plaintiff,

v.                              Case No: 2:15-cv-113-FtM-29CM

WILLIAM C. MCIVER, Senior Judge, JESSICA BRIDGES, Attorney, RUTH JEAN, Attorney, and AAMIR SAEED, Attorney,

       Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of Defendants' Motions to Dismiss (Docs. ##14, 17) filed on March 16 and March 23, 2015. Plaintiff filed a Response (Doc. #18) to Defendant William C. McIver's Motion to Dismiss (Doc. #14) on March 24, 2015. Plaintiff did not respond to Defendants Jessica Bridges, Ruth Jean, Aamir Saeed, and Melissa M. Gilbert's Motion to Dismiss (Doc. #17) and the time to do so has expired. For the reasons stated below, the motions are granted.

**I.**

Plaintiff Joyce Sharon Cream (Plaintiff or Cream), proceeding *pro se*, has filed a Complaint (Doc. #1) against Defendants[1] William

---

[1] On April 14, 2015, Plaintiff moved to voluntarily dismiss her causes of action against Melissa M. Gilbert and John Doe Dugan

C. McIver (Senior Judge McIver), Jessica Bridges (Bridges), Ruth Jean (Jean), and Aamir Saeed (Saeed) alleging violations of her constitutional rights in connection with a foreclosure action filed in Florida's 20th Judicial Circuit Court. The underlying facts, as set forth in the Complaint, are as follows:

In August 2014, Bridges filed a foreclosure action concerning a parcel of real property in Englewood, Florida owned by Cream (the Foreclosure Action). (Id. at ¶¶ 11-13.) Senior Judge McIver presided over the case. (Id. at ¶ 8.) Bridges, Jean, and Saeed (collectively, the Attorney Defendants) are attorneys for Choice Legal Group, P.A., and represented the Federal National Mortgage Association (FNMA), the plaintiff in the Foreclosure Action. (Id.) According to Cream, the attorney Defendants failed to enter appearances and failed to properly join her as a party. (Id. at ¶¶ 15-16.) Cream contends that Senior Judge McIver ignored these procedural deficiencies and let the Foreclosure Action proceed against her. (Id.) Additionally, Cream alleges that she possessed evidence which was sufficient for dismissal, but Senior Judge McIver disregarded it and struck it from the record. (Id. at ¶¶ 23-24.) Cream further alleges that Senior Judge McIver deprived

---

because they were not successfully served. (Doc. #27.) The Court granted the motion on April 15, 2015. (Doc. #28.) Accordingly, Plaintiff is now proceeding against Defendants William C. McIver, Jessica Bridges, Ruth Jean, and Aamir Saeed only.

2

her of her right to a jury trial. Ultimately, Senior Judge McIver entered a Final Judgment of Foreclosure[2] in favor of FNMA (Doc. #17-1, pp. 26-28), a decision Cream contends was made in error (Id. at ¶¶ 26-28).

Based on these allegations, Cream alleges that Defendants violated her constitutional right to due process. Cream seeks compensation for her injuries and an injunction barring enforcement of the Final Judgment of Foreclosure. (Id. at ¶¶ 26-31.) Defendants now move to dismiss the Complaint, arguing that Cream has failed to state a claim upon which relief can be granted.

**II.**

Cream is proceeding *pro se* and, therefore, the Court must construe her pleadings liberally. Hope v. Bureau of Prisons, 476 F. App'x 702, 704-05 (11th Cir. 2012). Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required [to] rewrite a deficient pleading." Washington v. Dept. of Children and Families, 256 F. App'x 326, 327 (11th Cir. 2007). Accordingly, if a complaint fails to articulate claims with sufficient clarity to enable defendants to

---

[2] Although the Final Judgment of Foreclosure was not attached as an exhibit to the Complaint, the Court may consider it in the context of Defendants' motions to dismiss because it is central to Cream's case and the authenticity of the document is not challenged. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

properly frame a response, it will be dismissed. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 980 (11th Cir. 2008).

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent

with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

### III.

**A.   Claims Against Senior Judge McIver**

The doctrine of judicial immunity requires dismissal of all causes of action against Senior Judge McIver.  "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."  Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  Id.  Florida state courts have adopted their own doctrine of absolute judicial immunity that is identical in scope.  Id. at 1072 (citing Office of State Attorney v. Parrotino, 628 So. 2d 1097, 1099 (Fla. 1993)).  "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in

5

open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." Id. at 1071.

Here, Cream alleges that Senior Judge McIver deprived her of her due process rights by (1) letting the Foreclosure Action proceed despite various procedural deficiencies; (2) refusing to admit evidence which would have warranted dismissal; and (3) depriving her of her right to a jury trial. According to Cream, Senior Judge McIver is not entitled to judicial immunity for this conduct because he was acting "beyond the scope of his official authority." (Doc. #18, p. 1.) The Court disagrees. Each of these actions was a normal judicial function, occurred in Senior Judge McIver's chambers or in open court, involved a case pending before Senior Judge McIver, and was made by Senior Judge McIver in his judicial capacity. Accordingly, Senior Judge McIver is entitled to absolute immunity and all causes of action against him will be dismissed with prejudice.

**B.   Claims Against The Attorney Defendants**

Although the Complaint is not clear, Cream appears to assert that the Attorney Defendants violated 42 U.S.C. § 1983 (Section 1983, 42 U.S.C. § 1985 (Section 1985), and 42 U.S.C. § 1986 (Section 1986) via their participation in the Foreclosure Action. However, the Complaint does not specify how the Attorney Defendants are alleged to have violated those statutes. Indeed, the only

6

factual allegations related to the Attorney Defendants are (1) that they commenced the Foreclosure Action on behalf of FNMA; and (2) that they failed to properly enter their appearances in the Foreclosure Action. As a result, each cause of action against the Attorney Defendants is subject to dismissal.

### 1. Dismissal As A Shotgun Pleading

As an initial matter, the Complaint is subject to dismissal because it is a "shotgun pleading." The failure to articulate claims with sufficient clarity to enable defendants to properly frame a response constitutes a "shotgun pleading." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 980 (11th Cir. 2008). "This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts," Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001), and "impede[s] the orderly, efficient, and economic disposition of disputes," Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001); Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-28 (11th Cir. 2014).

Here, the Complaint does not set forth the claims against the Attorney Defendants in separate counts, nor does the Complaint

7

specify how each individual Attorney Defendant is alleged to have violated the statutes at issue. In sum, Cream has failed to allege her claims against the Attorney Defendants with sufficient clarity to enable them to properly frame a response. Therefore, the causes of action against the Attorney Defendants must be dismissed. The typical course of action when faced with a shotgun pleading is to require the plaintiff to amend. However, as set forth below, amendment here would be futile because the conduct of private attorneys representing a client in a civil matter cannot support causes of action for violations of Section 1983, Section 1985, or Section 1986. Accordingly the causes of action against the Attorney Defendants will be dismissed with prejudice.

    **2.    Dismissal For Failure To State A Claim**

        **(a)   Section 1983**

In order to establish state a claim under Section 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional or a federal statutory right. West v. Atkins, 487 U.S. 42, 48 (1988). "Although private individuals and entities may be held liable under Section 1983, such persons must be jointly engaged with state officials in the prohibited conduct. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). Accordingly, private parties are considered to act under the color of state law only if "(1) the State has coerced or at least significantly encouraged

8

the action alleged to violate the Constitution . . .; (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State . . .; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise . . . ." Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quotation omitted). "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." Dennis v. Sparks, 449 U.S. 24, 28 (1980).

Here, the Attorney Defendants were acting as private attorneys representing a client in a civil matter. They were not state employees, nor were they acting at behest of the state. Therefore, the Attorney Defendants are not state actors and cannot be held liable for violating Section 1983. Huls v. Llabona, 437 F. App'x 830, 832 (11th Cir. 2011).

**(b) Section 1985**

Although the Complaint does not specify, the Court will assume that Cream's Section 1985 claim is brought pursuant to 41 U.S.C. § 1985(3), which prohibits conspiring to deprive any person of equal protection under the law. To state a claim for a violation of Section 1985(3), a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or

of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Park v. City of Atlanta, 120 F.3d 1157, 1161 (11th Cir. 1997).

Cream alleges that the Attorney Defendants conspired to deprive her of her due process rights. However, Cream cannot establish the first element of this claim because the intracorporate conspiracy doctrine dictates that the Attorney Defendants cannot form a conspiracy. "The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc). Here, the Attorney Defendants acted pursuant to their representation of FNMA on behalf of their employer, Choice Legal Group. Therefore, their actions cannot constitute a conspiracy and Cream's Section 1985 cause of action must be dismissed.

### (c) Section 1986

Section 1986 provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and

mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." 42 U.S.C. § 1986. Thus, there can be no violation of Section 1986 absent a violation of Section 1985. Park v. City of Atlanta, 120 F.3d 1157, 1159 (11th Cir. 1997). As explained above, Cream has failed to adequately allege the existence of a Section 1985 violation and, therefore, her Section 1986 cause of action must be dismissed.

### 3. Dismissal Under The Litigation Privilege

Additionally, because the Attorney Defendants are not state actors, the Section 1985 and Section 1986 causes of action are barred by the litigation privilege.[3] In Florida, attorneys and other litigation participants are afforded absolute immunity for "any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994); see also Kinsey v. MLH Fin. Servs., 509 F. App'x 852, 853-54 (11th Cir. 2013) ("In Florida, absolute immunity attaches to any act that occurs during the course of a judicial proceeding so long as the act has some

---

[3] The litigation privilege does not apply to conduct by persons acting under color of state law to deprive constitutional rights in violation of Section 1983 or Section 1985. Huls, 437 F. App'x at 832 (citing Howlett v. Rose, 496 U.S. 356, 357 (1990)).

11

relation to the proceeding."). The immunity "applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 384 (Fla. 2007). Here, the factual allegations concerning the Attorney Defendants address their participation in the Foreclosure Action. Accordingly, the Attorney Defendants are entitled to immunity.

**C.  Request For An Injunction**

Cream also seeks an injunction barring enforcement of the Final Judgment of Foreclosure. According to Cream, an injunction is warranted because the Final Judgment of Foreclosure is "void" as a result of the alleged procedural and legal deficiencies outlined above. Therefore, Cream argues that enforcement of the Final Judgment of Foreclosure will cause her irreparable injury. This cause of action must be dismissed because the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.

The Rooker-Feldman[1] doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). Under the

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

12

Rooker–Feldman doctrine, "federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). Accordingly, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment if plaintiff had a reasonable opportunity to raise those claims in the state proceedings. Goodman, 259 F.3d at 1332; Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000); Amos v. Glynn County Board of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003). A claim is inextricably intertwined with the state court adjudication when federal relief can only be predicted upon a finding that the state court was wrong. Goodman, 259 F.3d at 1332.

Cream's claim for injunctive relief is predicated entirely on her contention that the state court issued the Final Judgment of Foreclosure in error. Therefore, her claim for an injunction is inextricably intertwined with the Foreclosure Action. As detailed

13

above, Cream alleges that she raised various procedural and legal deficiencies in the Foreclosure Action, all of which were rejected. As such, Cream concedes that she had a reasonable opportunity to present these arguments in the Foreclosure Action and, if she so chose, on appeal in state court. Accordingly, under the <u>Rooker-Feldman</u> doctrine, the Court lacks jurisdiction to consider the propriety of the Final Judgment of Foreclosure. Therefore, Cream's cause of action for an injunction barring enforcement of the Final Judgment of Foreclosure will be dismissed with prejudice for lack of subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motions to Dismiss (Docs. ##14, 17) are **GRANTED** and the Complaint is **dismissed with prejudice**.

2. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of May, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

14